**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDUARDO FABIAN PACHECO PINTO,** | : | **No. 3:26cv2473** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **CRAIG A. LOWE, in his official capacity as Warden of Pike County Correctional Facility, Lords Valley; JOHN E. RIFE, in his official capacity as Acting Philadelphia Field Office Director, United States Immigration & Customs Enforcement; DAVID J. VENTURELLA, in his official capacity as Acting Director of Immigration & Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; TODD BLANCHE, in his official capacity as Acting Attorney General, U.S. Department of Justice,** | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM ORDER**

Before the court is a petition for writ of habeas corpus filed by Petitioner Eduardo Fabian Pacheco Pinto, pursuant to 28 U.S.C. § 2241.[1] (Doc. 1).

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner filed the instant petition while detained at Pike County Correctional Facility. (Doc. 1 ¶ 4). Petitioner asserts that his continued detention violates the Immigration and Nationality Act and its implementing regulations, the Administrative Procedure Act, and the Due Process Clause under the Fifth Amendment. Id. at

Petitioner is a native and citizen of Ecuador in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at Pike County Correctional Facility, in Lords Valley, Pennsylvania. Id. at 2. His petition asserts that he is detained under a section of the Immigration and Nationality Act that does not apply to him in a manner that violates his Fifth Amendment right to due process. Id. at 6–12. He also argues DHS's detention policy is arbitrary, capricious, and contrary to law, in violation of the Administrative Procedure Act. Id. at 13. After review of the record, the petition will be granted. Pacheco Pinto will be released.

According to the petition, Pacheco Pinto is 35 years old. Id. ¶ 1. He entered the United States around 2021. Id. at 2. On August 26, 2026, Dickson City, Pennsylvania Police took petitioner into custody after Pike Enforcement and Removal Operations confirmed that he "is a citizen of Ecuador residing in the

---

9–13. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

United States without lawful status." (Doc. 3-2 at 2). He has no criminal record.[2] He has been in detention without a bond hearing since being detained.[3]

Respondents acknowledge that Buele Morocho v. Warden Philadelphia FDC, ___ F.4th ___, 2026 WL 2546223 (3d Cir. Aug. 28, 2026) governs this matter, but requests that the court order a bond hearing for petitioner, rather than release. (Doc. 3 at 7).

Like the Buele Morocho court, this court weighs petitioner's due process rights by considering the Eldridge[4] factors to determine "whether detention without bond of noncitizens who have lived in the United States for extended periods of time with no criminal records violates due process." ___ F.4th at ___, 2026 WL 2546223, at *9-10. As to the first factor, "the private interest that will be affected by the official action," the Buele Morocho court held that "mandatory detention implicates [the] 'constitutionally protected interest in avoiding physical

---

[2] Respondents allege that on the day petitioner was taken into custody, he "was arrested and charged . . . with simple assault, strangulation, and false imprisonment." (Doc. 3 at 2). In support, respondents cite a fingerprint card that shows only that petitioner was charged with being an inadmissible alien. (See Doc. 3-5 at 2). Respondents appear to have made an error as to petitioner's criminal charges.

[3] Respondents allege that petitioner was to have a master hearing on September 9, 2026. (Doc. 3 at 2). But the court's review of the EOIR Automated Case Information website shows the hearing scheduled on October 20, 2026. https://acis.eoir.justice.gov/en/caseInformation.

[4] Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

restraint.'" Id. at *9 (quoting Eldridge, 424 U.S. at 335; Kansas v. Hendricks, 521 U.S. 346, 356 (1997) (citations omitted)). And so, it does here.

The second factor concerns "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Id. (quoting Eldridge, 424 U.S. at 335). The Buele Morocho court found such risk exists in situations like here, because of "the absence of an opportunity for a neutral decisionmaker to assess" the dangerousness or flight risk of a defendant. Id.

As to the third factor, "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," id. (quoting Eldridge, 424 U.S. at 335), the court held that the "legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings does not outweigh the other two factors here, particularly when [the] non-criminal individuals were detained absent evidence that either is dangerous or a flight risk, and the Government has not argued that bond hearings are unduly burdensome." Id. at *10 (citation modified). The same reasoning applies here. There is no evidence that petitioner resisted ICE officers or was uncooperative in their enforcement efforts. There is also no evidence that he failed to appear at any immigration hearings in the past. And petitioner has no criminal history.

Weighing these factors, the failure to provide petitioner with a bond or custody redetermination hearing violated his right to procedural due process. Buele Morocho, 2026 WL 2546223, at *10. Therefore, his petition will be granted. Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). In this case, only immediate release will remedy the due process violation that Pacheco Pinto has experienced.

Consequently, it is hereby **ORDERED** that:

1) Eduardo Fabian Pacheco Pinto's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2) The government shall immediately release petitioner from its custody;

3) On or before October 19, 2026, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that petitioner has been released;

4) The government shall release petitioner under the same conditions that existed prior to his detention, including release: (1) in an area where the petitioner resides or where he has access to means of interstate transportation; (2) without the imposition of additional conditions; (3) with all clothing and

outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

5) The government is temporarily enjoined from re-arresting petitioner for a period of 7 days to ensure that this habeas remedy is effective;

6) The Clerk of Court is directed to enter judgment in accordance with this memorandum order; and

7) The Clerk of Court is directed to **CLOSE** this case.[5]

**Date:** 10/15/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

---

[5] Petitioner requests attorney's fees pursuant to 28 U.S.C. § 2412. (Doc. 1 at 15). A petition for writ of habeas corpus challenging immigration detention under 28 U.S.C. § 2241 is a civil action for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and this statute unambiguously applies here. Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 428, 432 (3d Cir. 2026). Petitioner may file a motion for costs and fees within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); see FED. R. CIV. P. 54(d).